UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 12 C 5311 |
| | ) | |
| COMMANDER PACKAGING RETIREMENT | ) | |
| PLAN FOR HOURLY EMPLOYEES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Now before the Court is Defendant Commander Packaging Retirement Plan for Hourly Wage Employees' ("Commander") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff Angela Tucker ("Tucker") is the surviving spouse of Michael Holmes ("Holmes"). Tucker and Holmes were married from October 2003 until his death in September 2010. Holmes was a participant of Commander's pension plan (the "Plan"), as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Holmes applied for pension benefits on January 11, 2005, and began receiving $136.19 in monthly pension income from the Plan sometime that same year. He continued to receive pension income until his death. The Plan provided for

a Qualified Joint and Survivor Annuity ("Survivor's Annuity"), under which a Plan participant's surviving spouse stood to collect income upon the participant spouse's death. On Holmes' January 11, 2005 application, he indicated that Tucker was his spouse on a Beneficiary Designation Form. After Holmes' death, Tucker requested that Commander pay her pursuant to the Survivor's Annuity, but Commander has refused.

On November 12, 2004, Tucker petitioned for Chapter 7 bankruptcy protection in the Bankruptcy Court of the Northern District of Illinois ("Bankruptcy Court"). The personal property schedule of the petition required Tucker to identify any "interests in IRA, ERISA, Keogh, or other pension or profit sharing plans." Tucker responded, "none." Under the petition's individual debtor schedule, Tucker was asked to specify her marital status: she responded "single." On February 15, 2005, the Bankruptcy Court discharged Tucker of her debts pursuant to 11 U.S.C. § 727. Tucker made no modifications to her petition. Tucker submits an affidavit stating that a representative with the Legal Assistance Foundation ("LAF") helped her fill out the bankruptcy petition. The representative completed the petition by obtaining Tucker's Social Security number from her and finding information relating to Tucker's debt on the internet. Tucker further states that the representative asked for no other information pertinent to the bankruptcy petition.

Tucker commenced this suit under ERISA, 29 U.S.C. § 1001 *et seq.*, seeking payment of the Survivor's Annuity. Commander now moves the Court to dismiss the

claim under Rule 12(b)(6), arguing that Tucker's incorrect responses on the bankruptcy petition serve to judicially estop her from maintaining the lawsuit.

## LEGAL STANDARD

Generally, when the Court looks to matters outside of the pleadings in deciding a motion to dismiss, the motion must be converted to one for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d); *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A narrow exception to this rule allows the Court to take judicial notice of matters of public record. *GE Capital Corp.*, 128 F.3d at 1080. Furthermore, in attempting to defeat a motion to dismiss, a plaintiff may add additional allegations to its complaint via affidavit or brief, so long as the statements therein are consistent with the complaint. *Help at Home Inc. v. Med. Capital, LLC*, 260 F.3d 748, 752-53 (7th Cir. 2001).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations; it must only provide enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a viable claim must be facially plausible, a requirement that is satisfied "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing a motion to dismiss, the Court accepts all well pled facts as true and draws all permissible inferences in the plaintiff's favor. *Agnew v. NCAA*, 683 F.3d 328, 334 (7th Cir. 2012).

## DISCUSSION

Commander argues that Tucker should be judicially estopped from bringing the suit because the incorrect responses on the petition were made knowingly, and Tucker benefitted from the alleged misrepresentations, to her creditors' and the Bankruptcy Court's detriment. The doctrine of judicial estoppel "protect[s] the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 914 (7th Cir. 2005); *quoting New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). While judicial estoppel is an equitable remedy not readily reducible to a rigid test, the Supreme Court in *New Hampshire* articulated three factors that act as "general guideposts that must be considered in the context of all the relevant equities in any given case." *In re Knight-Celotex*, No. 11-3588, 2012 U.S. App. LEXIS 18642, at *15-16 (7th Cir. Sept. 5, 2012) (citation omitted). Those factors turn on whether: (1) a party's position is clearly inconsistent with a position taken earlier; (2) the party prevailed on the basis of the prior position; and (3) "the party asserting the inconsistent position would derive an unfair advantage, or impose an unfair detriment on the

opposing party if not estopped." *Jarrard*, 408 F.3d at 914-15, *citing New Hampshire*, 532 U.S. at 750-51. Notwithstanding the *New Hampshire* factors, the Court decides whether judicial estoppel is an appropriate remedy in consideration of all the relevant equities. *In re Knight-Celotex*, 2012 U.S. App. LEXIS 18642, at *15-16; *citing Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006).

In asserting that Tucker knowingly falsified her bankruptcy petition, Commander essentially argues that Tucker's incorrect answers on the bankruptcy petition amount to perjury under 18 U.S.C. § 152. Section 152 prohibits individuals from "knowingly and fraudulently . . . conceal[ing]" a debtor's property. *United States v. Ellis*, 50 F.3d 419, 422 (7th Cir. 1995) (citation and quotation omitted). "The essence of the offense under § 152 is the making of a materially false statement or oath with the intent to defraud the bankruptcy court." *Id.* (citation and quotation omitted). In her affidavit, Tucker states that the bankruptcy petition was completed by the LAF representative who obtained information pertaining to Tucker's debts on the internet upon procuring Tucker's Social Security number. Tucker further alleges that the representative asked no more pertinent questions regarding the petition. Commander responds that Tucker's signature conclusively demonstrates her knowledge that the petition misrepresented her marital status and her interest in the Plan. In light of Tucker's affidavit stating that she was unaware that her responses was incorrect, Tucker's signature merely creates a question of fact as to her state of mind pertaining to the petition. *See United States v.*

*White*, 879 F.2d 1509, 1511 (7th Cir. 1989) (it is a "fact of life for a jury to consider in determining how likely it is that a defendant who signed a document knew what was in it."). Accepting Tucker's well pled allegations and drawing all permissible inferences in her favor, we find that Commander falls short of demonstrating Tucker was aware that her responses were incorrect.

Moreover, Commander is unable to show that Tucker's false statements were material to the discharge of her debt. Under Illinois and federal law, a debtor's interest in an ERISA plan is treated as a spendthrift trust and is exempt from the bankruptcy estate. 735 ILCS 5/12-1006; 11 U.S.C. § 541(c)(2); *Patterson v. Shumate*, 504 U.S. 753 (1992). Accordingly, Tucker gained no pecuniary benefit, and her creditors were deprived of no bankruptcy proceeds as a result of her failing to indicate her interest in the Plan. Commander also contends that Tucker's misidentification of her marital status deprived creditors of the opportunity to seek recovery of Tucker's debts from Holmes. In Illinois, creditors may seek satisfaction of a debt from a debtor's spouse if the debt arises from the purchase of family necessities or the spouses' children's education. 750 ILCS 65/15. In addition, the Bankruptcy Code permits creditors to reach property that the debtor owns as a tenant in common, a joint tenant, or a tenant by the entirety. 11 U.S.C. § 363(h)-(j); *In re Hunter*, 970 F.2d 299, 303 (7th Cir. 1992). Notwithstanding these potential avenues available to creditors for recovery, Commander submits nothing suggesting that Tucker's marital status affected her discharge or harmed her creditors.

Creditors' mere possibility to recover from Holmes is not enough to demonstrate that Tucker actually benefitted from her marital status as indicated on the petition.

Because at this stage of the case we infer that Tucker's incorrect responses were made without her knowledge and that the responses conferred no benefit to Tucker to the detriment of her creditors and the Bankruptcy Court, we find that Tucker did not "derive an unfair advantage, or impose[d] an unfair detriment on" Commander by bringing this lawsuit. *See Jarrard*, 408 F.3d at 914-15 (citation omitted). Accordingly, the equities favor denying Commander's motion to dismiss based on the existing record.

## CONCLUSION

For the aforementioned reasons, Commander's motion to dismiss is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:   October 11, 2012